IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**MICHELLE R. MATHIS,**

       Plaintiff,

  vs.                                      Civil Action 2:12-cv-576
                                                Judge Sargus
                                                Magistrate Judge King

**NETCARE CORPORATION,** *et al.*,

       Defendants.


<u>ORDER and</u>
<u>REPORT AND RECOMMENDATION</u>

      Plaintiff's motion for leave to proceed *in forma pauperis,* Doc. No. 1, is **GRANTED**. It is **ORDERED** that the plaintiff be allowed to prosecute her action without prepayment of fees or costs and that judicial officers who render service in this action shall do so as if the costs had been prepaid.

      However, having performed the initial screen of the complaint[1] required by 28 U.S.C. § 1915(e), the Court concludes that the action must be dismissed.

      Plaintiff, who is proceeding without the assistance of counsel, complains that she has been involuntarily committed and remains in a mental hospital, all without due process of law and in violation of her federal constitutional rights. Named as defendants are Netcare Corporation, "The Probate County Court of Ohio" [presumably the Franklin

---

[1] Since the filing of the original *Complaint*, plaintiff has filed two amended complaints. Doc. Nos. 2, 4.

County Probate Court], Twin Valley Behavioral Health [the psychiatric facility where plaintiff is detained], the Ohio Department of Mental Health and the Franklin County Sheriff Office. Plaintiff alleges that she was seized by Franklin County Deputy Sheriffs pursuant to a court order, was taken to Netcare and then transferred to Twin Valley, where she apparently remains. Plaintiff seeks monetary and injunctive relief. Moreover, plaintiff has filed an *Emergency Motion for Injunction*, Doc. No. 3, in which plaintiff appears to seek her immediate release from hospitalization.

The Franklin County Probate Court, a division of the Court of Common Pleas, is an instrumentality of the State of Ohio and is, under the Eleventh Amendment to the United States Constitution, absolutely immune from suit in this Court. *See Mumford v. Basinsky*, 105 F.3d 264, 269-70(6th Cir. 1997); *Johnson v. Belskis*, 2005 WL 2416557, *7 (S.D. Ohio September 30, 2005)(Franklin County Probate Court entitled to absolute Eleventh Amendment immunity from suit). Similarly, the Ohio Department of Mental Health is a state agency over whom this Court, by operation of the Eleventh Amendment, lacks jurisdiction. *See Rodgers v. Banks*, 344 F.3d 587, 593-95 (6th Cir. 2003).

Under *Heck v. Humphrey,* 512 U.S.477 (1994), a person detained in state custody cannot state a cognizable claim under 42 U.S.C. § 1983 if a ruling on her claim would necessarily imply the invalidity of her confinement, unless and until the confinement is declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. *See also Lanier v. Bryant,* 332 F.3d 999, 1005-06 (6th Cir. 2003). Moreover, this rule is not limited to claims challenging the validity of criminal convictions. *See Huftile v. Miccio-Fonseca,* 410

F.3d 1136, 1137 (9th Cir. 2005) (applying *Heck* to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); *Von Flowers v. Wisconsin Dep't of Health & Family Servs.*, 58 Fed.Appx. 649, 651, 2003 WL 352039, at 2 (7th Cir. 2003) ("[Plaintiff] cannot sue for damages under § 1983 for his allegedly unconstitutional confinement, or for other harm caused by actions whose unlawfulness would render his commitment invalid, until that commitment has been declared invalid through the proper channels"). Because plaintiff seeks by this action to challenge the lawfulness of her commitment without first having it set aside, her tendered complaints fail to state a claim under 42 U.S.C. § 1983.

Even assuming that plaintiff intends by this action to seek relief under the federal habeas corpus statutes, *see* 28 U.S.C. §§ 2241, 2254, a federal court cannot entertain such an action unless the petitioner has first exhausted her state remedies. *Anderson v. Harless*, 459 U.S. 4 (1982). Ohio law authorizes the involuntary commitment of persons. O.R.C. Chap. 5122. Procedures for challenging commitment proceedings are set out in O.R.C. § 5122.15 and, if such procedures are inadequate, the subject of the commitment procedure may pursue a state habeas corpus action filed in the Court of Common Pleas for the county in which the person is detained. O.R.C. § 5122.30. *See Roder v. Hubbard*, 65 Ohio St. 2d 37 (1981). Plaintiff has not alleged, and it does not appear, that she has pursued any state court remedies. Under these circumstances, even a federal habeas corpus action cannot proceed.

For all these reasons, then, the Court concludes that the action cannot proceed. It follows that plaintiff's motion for interim

3

injunctive relief must likewise be denied.

It is therefore **RECOMMENDED** that the action be dismissed pursuant to 28 U.S.C. § 1915(e) and that plaintiff's *Emergency Motion for Injunction*, Doc. No. 3, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 13, 2012                                         s/Norah McCann King
 (Date)                                              Norah M<sup>c</sup>Cann King
                                            United States Magistrate Judge